UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENJAMIN SERVIDAS JR.,
8121 W. Oklahoma Avenue,
Milwaukee, WI 53219,

Civil Action No. _____

Plaintiff,

**JURY TRIAL DEMAND**

v.

HARLEY-DAVIDSON MOTOR COMPANY, INC.,
3700 W. Juneau Avenue,
Milwaukee, WI 53208,

Defendant.

# COMPLAINT

Plaintiff, Benjamin Servidas Jr. ("Servidas"), by and through his attorneys, The Rose Group, S.C., and for his causes of action against the Defendant, Harley-Davidson Motor Company, Inc. ("Harley-Davidson"), states and alleges as follows:

## NATURE OF ACTION

1. Servidas alleges violation of Title I of the Americans with Disabilities Act of 1990 (the "ADA"), as amended by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq*.], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq*.], by failing to provide reasonable accommodation for Servidas' disabilities which would permit him to perform his job.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 18 U.S.C. § 1391 because Harley-Davidson has its principal place of business in

1

Milwaukee, Wisconsin and the employment practices involved in this dispute occurred in Waukesha County, Wisconsin.

## PARTIES

4. Plaintiff Benjamin Servidas Jr. ("Servidas") is an adult who resides at 8121 W. Oklahoma Avenue, Milwaukee, WI 53219.

5. At all relevant times, Servidas was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

6. Defendant Harley-Davidson Motor Company, Inc. ("Harley-Davidson") is a company incorporated under the laws of the State of Wisconsin with its principal place of business located at 3700 W. Juneau Avenue, Milwaukee, WI 53208.

7. At all relevant times, Harley-Davidson has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

8. Servidas filed a charge of discrimination with the Equal Employment Opportunity Commission on January 29, 2024, and within 300 days of the action complained of.

9. On August 6, 2025, Servidas received his right to sue notice from the Equal Employment Opportunity Commission.

10. This lawsuit is timely filed within 90 days of that notice.

11. Thus, Servidas has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this Court under the ADA and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

2

Case 2:25-cv-01692-LA    Filed 10/31/25    Page 2 of 8    Document 1

# FACTS

12. Servidas is an amputee who uses a prosthetic right leg, which constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

13. On April 17, 2000, Servidas began working as a Distribution Center Specialist Casual at Harley-Davidson's Franklin Distribution Center in Franklin, Wisconsin.

14. Servidas subsequently transitioned into the role of Production Technician 1 at Harley-Davidson's Powertrain Operations facility in Menomonee Falls, Wisconsin.

15. Servidas' duties entailed assisting in the assembly, production, and packing of cylinders and various other powertrain components.

16. Since at least 2016, Harley-Davidson knew of Servidas' disability because Harley-Davidson required Servidas to perform a return-to-work physical test that year evidencing to Harley-Davidson Servidas' disability.

17. Servidas successfully performed his duties at Harley-Davidson without incident until approximately September 3, 2023.

18. Prior to that date, Harley-Davidson permitted Servidas to work 8-hour/5-day workweek shifts because he was medically limited to 8-hour workdays and could not work for extended time periods beyond his work restriction.

19. On or around September 3, 2023, Harley-Davidson instituted a 10-hour/4-day workweek for Servidas' role, though also allowed overtime work to occur on Fridays.

20. Having previously operated under an 8-hour/5-day workweek schedule, this new schedule requirement was implemented solely for convenience and preference of employees.

21. This new schedule would require Servidas to work beyond his medically restricted limit of no more than 8 hours per day.

22. Since Servidas' disability required that he maintain a workday schedule of no more than 8 hours per day, Servidas requested that Harley-Davidson provide an accommodation that allowed him to adhere to his permanent work restriction.

23. Despite Servidas' repeated requests to accommodate his disability and maintain an 8-hour workday restriction, Harley-Davidson would not provide reasonable accommodations and required Servidas to operate under the 10-hour/4-day workweek schedule.

24. Instead of allowing Servidas to work in his position on an 8-hour/5-day workweek schedule, as he had done before without issue or incident, Harley-Davidson only offered an alternative position as a forklift driver operating on an 8-hour/5-day workweek schedule.

25. This position was equally unavailing, as Harley-Davidson knew since 2016 when the parties engaged in conversations regarding Servidas' ability to operate a conventionally built forklift, because Servidas' disability made him unable to safely operate forklift pedals with his right leg because of an inability to feel pressure with his prosthetic leg.

26. When Servidas requested that a left foot pedal be installed to allow him to safely operate a forklift, Harley-Davidson refused.

27. Additionally, though Harley-Davidson allowed other employees to work overtime on Fridays, Harley-Davidson informed Servidas that he could not work an 8-hour/5-day schedule because Friday work was not in Harley-Davidson's budget.

28. Being unable to physically work longer than 8 hours in a day, and having been provided no reasonable accommodations, Harley-Davidson's failure to accommodate resulted in Servidas leaving work two hours early each day and using Family and Medical Leave Act ("FMLA") leave to cover those two hours each day.

29. Harley-Davidson's failure to accommodate Servidas' disability also resulted in Servidas' missing out on wages and ensuring Servidas never qualified for holiday pay.

30. Curiously, Harley-Davidson occasionally allowed Servidas to work on some Fridays when it was convenient to Harley-Davidson, but not as a permanent accommodation to Servidas.

31. In late September, Servidas ran out of FMLA leave and began accumulating disciplinary points for his absences during the two-hour windows when he medically could not work.

32. In light of Servidas' increasing disciplinary points acquired by way of his inability to work longer than 8 hours, Harley-Davidson told Servidas he could either be terminated or take a leave of absence with his return being conditioned upon an amendment to his permanent work restriction.

33. After taking a leave of absence, Servidas returned to Harley-Davidson and worked Harley-Davidson's required 10-hour/4-day workweek.

34. Working the 10-hour/4-day workweek schedule has detrimentally impacted Servidas' physical condition.

35. The 10-hour/4-day workweek schedule has resulted in Servidas needing to ice and elevate his right leg every day after work for at least an hour to ensure the pain and swelling of his right leg is managed.

36. The excessive swelling in Servidas' right leg caused by the 10-hour/4-day workweek schedule renders him unable to attend to any household tasks or chores in the hours after his work shifts.

37. On Servidas' days off work, Servidas must lay in bed for the majority of the day to ensure that his right leg calms down.

38. Servidas did not have these physical issues and was otherwise able to fully utilize his non-work hours when he was working an 8-hour/5-day workweek schedule.

39. Furthermore, the additional physical strain on Servidas caused by the 10-hour workdays resulted in added pressure on Servidas' left foot in order to compensate for the pain in his right leg.

40. This additional pressure and pain subsequently resulted in the amputation of Servidas' big left toe.

41. This amputation would not have occurred if not for the 10-hour/4-day workweek schedule imposed by Harley-Davidson.

## CAUSE OF ACTION
### Failure to Accommodate under the ADA

42. Servidas realleges and reasserts the allegations contained in the above paragraphs as though fully set forth herein.

43. Servidas had a "disability" as defined by Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

44. Servidas can perform the essential functions of his role within his permanent medical restrictions.

45. Harley-Davidson knew or reasonably should have known about Servidas' disability and his need for accommodation.

46. Harley-Davidson failed to engage in an interactive process to determine a reasonable accommodation for Servidas.

47. Harley-Davidson refused to reasonably accommodate Servidas' disability.

48. Harley-Davidson cannot demonstrate that the requested accommodations would pose a hardship on its business.

49. Harley-Davidson intentionally, with malice and reckless indifference to Servidas' rights, violated the ADA by refusing to accommodate Servidas' disability, despite knowing that the ADA required such accommodations.

50. Harley-Davidson's conduct has caused and continues to cause Servidas to suffer loss of wages, benefits, expenses, insurance, emotional pain, suffering, physical pain, and medical expense, all to his damage.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be proven at trial, and other affirmative relief, including, but not limited to, reinstatement of Plaintiff's 8-hour/5-day workweek schedule or any other actions necessary to eradicate the effects of its unlawful employment practices;

B. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses;

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation;

D. Order Defendant to pay Plaintiff punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

E. Grant Plaintiff's attorneys' fees and costs;

F.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA; and

G.  Grant such further relief as the Court deems necessary and proper.

**JURY DEMAND**

Plaintiff demands a trial by a jury of 12 people.

Dated this 31st day of October 2025.

Respectfully submitted,

**THE ROSE GROUP, S.C.**
*Attorneys for Benjamin Servidas Jr.*

By:  *Electronically signed by Victor E. Plantinga*
Victor E. Plantinga
WI State Bar No. 1016434
Marie Mickley
WI State Bar No. 1131397
1134 N. 9th Street, Suite 220
Milwaukee, WI 53233
Phone: (414) 274-1400
Fax: (844) 273-1311
Email: vep@rosegrouplaw.com
mjm@rosegrouplaw.com